UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN TACURI YUMBLA,

                *Petitioner*,

– against –

RAUL MALDONADO JR., *in his official capacity as Warden, Metropolitan Detention Center*, JUDITH ALMODOVAR, *in her official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement*, PAMELA BONDI, *in her official capacity as Attorney General of the United States*, KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*, TODD M. LYONS, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*,

                *Respondents*.

**MEMORANDUM & ORDER**
26-cv-00594 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On December 24, 2025, Amtrak police officers arrested Petitioner John Tacuri Yumbla at New York Penn Station and eventually transferred him to the custody of U.S. Immigration and Customs Enforcement ("ICE"). Pet. for Writ of Habeas Corpus ("Petition") ¶ 2, ECF No. 1. Petitioner has been detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York since approximately December 29, 2025 and has not been provided a bond hearing. Pet. ¶ 3. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 13. For the reasons discussed below, the petition is GRANTED.

1

## BACKGROUND

Petitioner came to the United States to seek asylum in May 2024. Pet. ¶ 22. After he crossed the border without inspection, U.S. Customs and Border Patrol briefly detained him and then released him on his own recognizance. Pet. ¶ 22. Petitioner timely filed an application for asylum and has been pursuing his claim for asylum in immigration court. Pet. ¶ 24. Petitioner dutifully appeared for immigration hearings on December 31, 2025, January 7, 2026, January 14, 2026, January 21, 2026, and February 4, 2026, and his next immigration hearing is scheduled for April 1, 2026. Decl. of Keton Mei, ECF No. 8-1.

Petitioner was detained on December 24, 2025 and is currently being held by ICE at the MDC. Pet. ¶¶ 2–3. He commenced the instant action on February 3, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an order directing respondents to show cause why the relief sought in the writ should not be granted. Scheduling Order 2, ECF No. 5.[1] The government filed a response on February 9, 2026, which discussed two prior decisions of the Court granting writs of habeas corpus under similar factual circumstances, *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), and *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026). *See* Resp. to Order to Show Cause ("Response") 2–3, ECF No. 8. The response stated that while respondents "respectfully disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions would control the result in this case . . . as the facts of this case are materially indistinguishable." Resp. 3.[2]

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.
[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to 'determine the facts, and dispose' of habeas petitions expeditiously, 'as law and justice require.'" *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment, among other arguments. Pet. ¶¶ 82–91. The government's response does not meaningfully dispute these assertions aside from stating that "to conserve judicial resources and to expedite the Court's consideration of this case, . . . [r]espondents hereby rely upon, and incorporate by reference, the legal arguments presented by the [g]overnment in *Crespo Tacuri* and *Y-C-*." Resp. 3. Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL

35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.[3]

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release the petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 5:00 p.m. on February 11, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of any of . . . [p]etitioner's rights without the requisite

---

[3] The Court does not address petitioner's other arguments, *see* Pet ¶¶ 92–110, in light of the Court's conclusion that his detention violates the INA and due process. *See Ccorihuaman*, 2026 WL 328983, at *2 n.3.

procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's February 11, 2026 deadline to file a reply and the hearing scheduled for February 18, 2026 are hereby adjourned.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                         /s/ *Natasha C. Merle*
                                         NATASHA C. MERLE
                                         United States District Judge

Dated:        February 10, 2026
                Brooklyn, New York